UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               CASE NO. 3:14-cv-473-J-32MCR

JOHN M. LENNON, JR.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion for Entry of Default

Judgment ("Motion") (Doc. 8), filed by Plaintiff on May 29, 2014.[2]  For the reasons

stated herein, the undersigned recommends that the Motion be **GRANTED**.

### I.    Background

On April 22, 2014, Plaintiff filed its Complaint against Defendant asserting a

claim for indebtedness.  (Doc. 1.)  Attached to and referenced in the Complaint is

a Certificate of Indebtedness from the United States Department of Health &

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

[2] The Motion was served on Defendant on May 29, 2014.  (Doc. 8 at 3.)  To date, Defendant has not filed a response to the Motion and the time for filing a response has passed.  Therefore, the undersigned will treat the Motion as unopposed.

Human Services.  (Doc. 1-2.)  The Complaint alleges that Defendant owed Plaintiff a total of $25,161.37, plus accruing interest.  (Doc. 1.)  The Complaint also alleges that a demand for payment has been made, but Defendant neglected and refused to pay the debt.  (*Id.*)

Plaintiff effected service of process on Defendant on April 30, 2014.  (Doc. 5-1.)  As Defendant failed to appear in the case, Plaintiff filed an Application and Declaration for Entry of Defendant's Default on May 22, 2014.  (Doc. 6.)  The Clerk of Court entered a default against Defendant on May 23, 2014.  (Doc. 7.)  Plaintiff now seeks the entry of a default judgment against Defendant in the amount of $26,392.64, which includes $23,421.10 in principal, $1,846.54 in pre-judgment interest as of May 23, 2014, and $1,125.00 in attorney's fees and costs, plus pre-judgment interest beginning to accrue on May 24, 2014 through the date of judgment at the rate of 3.125% per year, and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.  (Doc. 8.)

## II.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See*

2

Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  A sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include  (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed. R. Civ. P. 8(a).  A complaint

3

meets the requirements of Rule 8, if in light of the nature of the action, the

complaint provides factual allegations, which are assumed to be true, sufficient to

"raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face.").

    In addition, when a plaintiff seeks the entry of a default judgment against

an individual defendant, the plaintiff must also comply with § 521 of the

Servicemembers Civil Relief Act ("SCRA"), which requires, *inter alia*, the filing of

an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and
> showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant
> is in military service, stating that the plaintiff is unable to determine
> whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

    Here, as part of the Application and Declaration for Entry of Default,

Plaintiff submitted a Non-Military Status Affidavit indicating that Plaintiff's counsel

requested information regarding Defendant's military status from the Defense

Manpower Data Center website and received a written response, which is

attached to the Affidavit, that Defendant is not in the military service.  (Doc. 6 at

4-7.)  The Affidavit and accompanying documentation satisfy the requirements of

§ 521 of the SCRA.

### III.   Analysis

#### A.   Jurisdiction and Liability

Upon review of the Complaint, the undersigned finds that a sufficient factual basis exists for a default judgment to be entered.  As an initial matter, the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1345 because this is a civil action commenced by the United States.  (*See* Doc. 1 at 1.)

Further, the Complaint adequately states a claim for default on a student loan.  "In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default."  *United States v. Bauer*, 2010 WL 1742083, *3 (M.D. Fla. Apr. 12, 2010) (report and recommendation adopted by *United States v. Bauer*, 2010 WL 1742079, *1 (M.D. Fla. Apr. 30, 2010)).

Although the Complaint does not explicitly allege the above-stated elements, the Certificate of Indebtedness, attached to and referenced in the Complaint, provides in relevant part:

> Total debt due to the United States of America as of January 18, 2012: $23,553.08 (principal $23,421.10, interest $131.98, administrative costs $0.00).
> I certify that the Department of Health and Human Services' (HHS) records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $23,421.10 from January 18, 2012, at the rate of 3.125%. . . .
> The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

. . .
You signed promissory notes agreeing to repay the loans [listed in this Certificate] at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program.
. . .
Due to your bankruptcy, the Pennsylvania Higher Education Assistance Agency (PHEAA) filed an insurance claim with the Department of Health and Human Services (HHS).  The amount due was $26,352.00.  The lender's claim was paid on November 13, 1998, and an assignment of the notes was received.
. . .
Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt.  Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable.  Accordingly, your debt has now been referred to the DOJ for enforced collection.

(Doc. 1-2 at 1-2 (emphasis omitted).)

Based on the foregoing, Plaintiff has adequately alleged that Defendant has executed the promissory notes, which were assigned to the United States, and the notes are in default.  The Complaint also adequately states a demand for relief.  (Doc. 1 at 2.)  Based on these allegations, which are deemed admitted, Plaintiff has stated a claim for which relief may be granted.  In addition, as stated earlier, Plaintiff has complied with § 521 of the SCRA.  Therefore, Defendant's liability for purposes of a default judgment has been established.

## B.    Damages

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  *United Artists Corp. v. Freeman*, 605 F.2d 854, 857

(5th Cir. 1979) (per curiam).  *See also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, courts have wide discretion in determining whether a hearing on damages is necessary.  *Diversified Fin. Sys., Inc. v. Tomich Corp.*, 1997 WL 177873, *3 (E.D.N.Y. Mar. 18, 1997).  And "courts have found that it is not necessary to conduct a hearing and that damages may be determined by way of affidavit and other documentary evidence" in "cases involving default judgments and promissory notes."  *Maloney v. Disciples Ltd., LLC*, 2007 WL 1362393, *2 (M.D.N.C. May 8, 2007).

The undersigned finds that an evidentiary hearing is not necessary in this case because the record is sufficient to calculate the amount of damages.  The Motion and supporting materials, including the Declaration for Entry of Default Judgment and the Declaration of Attorney's Fees, establish that Defendant owes Plaintiff a total of $26,392.64, which consists of $23,421.10 in unpaid principal, $1,846.54 in pre-judgment interest as of May 23, 2014, $1,080.00 in attorney's fees,[3] and $45.00 in service of process costs.[4]  (Doc. 8 at 1-3, 7-9, 31.)  Because Plaintiff has adequately established the amount of and its entitlement to

---

[3] Plaintiff's counsel spent 5.4 hours on the case at an hourly rate of $200.00.  Both the hourly rate and the number of hours spent are reasonable.  Further, Plaintiff has established its entitlement to fees and costs in accordance with 42 C.F.R. § 60.35(f), which provides that "[i]f a lender or holder sues a defaulted borrower or endorser, it may first apply the proceeds of any judgment against its reasonable attorney's fees and court costs, whether or not the judgment provides for these fees and costs."

[4] Costs for service of process are recoverable pursuant to 28 U.S.C. § 1920(1).

damages, attorney's fees, and costs, the undersigned recommends that a final default judgment be entered in the amount of $26,392.64, plus pre-judgment interest at the rate of 3.125% per year accruing from May 24, 2014 until the entry of final judgment, and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 8**) be **GRANTED**.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant in the following amounts:

   a. $23,421.10 in principal;

   b. $1,846.54 in pre-judgment interest as of May 23, 2014;

   c. $1,125.00 in attorney's fees and costs;

   d. Pre-judgment interest accruing on the total principal amount at the rate of 3.125% per year beginning on May 24, 2014 through the date of judgment; and

   e. Post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

3. The Clerk of Court be further **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 23, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

John M. Lennon, Jr.
604 Seabrook Cove Road
Jacksonville, FL 32211